FILED
11/27/2023
Court of Appeals
Division I
State of Washington

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,

               Respondent.

     v.

KEVIN BYRD,

               Appellant.

No. 84500-4-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Kevin Byrd appeals his convictions of arson in the first degree, witness tampering, and two misdemeanor counts of violation of a no-contact order. He contends, among other things, that the trial court erred by allowing the State to exercise a peremptory challenge to excuse Juror 44, a member of the venire who self-identified as Latino, over Byrd's GR 37 objection.

Under GR 37, "[i]f the court determines that an objective observer could view race or ethnicity as a factor in the use of the peremptory challenge, then the peremptory challenge shall be denied." GR 37(e). "The court need not find purposeful discrimination to deny the peremptory challenge." Id.

The State concedes error, acknowledging that "the dismissal of Juror 44 did not comport with GR 37." The State observes that the trial court allowed the peremptory challenge despite the fact that Juror 44's statements essentially reflected distrust of law enforcement, a presumptively invalid basis for peremptory challenge under GR 37(h)(ii). And while Juror 44 initially indicated that he would differentiate between the testimony of law enforcement and that of other witnesses and he would potentially have difficulty

following the law, he later clarified and retracted his positions on both issues. And finally, no legal authority supports the suggestion that the application of GR 37 depends, to some extent, on the race or ethnicity of the defendant. See State v. Tesfasilasye, 200 Wn.2d 345, 356, 518 P.3d 193 (2022) (both "parties and the jurors themselves have the right to a trial process free from discrimination.").

We accept the State's concession of error, reverse Byrd's convictions, and remand for a new trial. See State v. Lahman, 17 Wn. App. 2d 925, 938, 488 P.3d 881 (2021) (reversing and remanding for a new trial after determining that the trial court should have sustained the defendant's GR 37 objection). Given our remand for retrial, it is unnecessary to address Byrd's remaining assignments of error.

Reversed and remanded.

FOR THE COURT:

Smith, C.J.

Feldman, J.

Birk, J.